IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STANTAVIOUS ROBERTS, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Act. No.: 3:20-cv-438-ECM |
| | ) | |
| MANDO AMERICA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

I.  FACTS AND PROCEDURAL HISTORY

This cause is before the Court on a Partial Motion to Dismiss Plaintiff Roberts' Claims and Motion for More Definite Statement (Doc. 6), a Partial Motion to Dismiss Plaintiff Gamarra's Claims and for More Definite Statement (Doc. 7), a Partial Motion to Dismiss Plaintiff Rodgers' Claims and for More Definite Statement (Doc. 8), and a Motion to Sever (Doc. 11), all filed by the Defendant, Mando America Corporation ("Mando").

Three Plaintiffs, Stantavious Roberts ("Roberts"), Kendall Rodgers ("Rodgers"), and Michael Gamarra ("Gamarra"), filed a single, thirty-eight page complaint in this case, bringing multiple claims against Mando.  The facts section of the complaint lists more than one hundred factual allegations which are then all incorporated by reference into each of the counts for relief.  Many of the factual allegations are tied to a particular Plaintiff, but the counts are not divided into separate claims by each Plaintiff.

The complaint alleges that Roberts and Rodgers are African American, while Gamarra is African American and Latino.  All three plaintiffs are males.  Roberts was hired by Mando in January of 2015 and was terminated in March 2019.  Rodgers was hired by Mando in April 2014 and terminated in March 2019.  Gamarra was hired in June of 2014 and was not terminated by Mando.  The complaint alleges a myriad of facts from denial of promotions to unequal pay, as well as allegations of inappropriate comments made in the workplace.

The claims are for race discrimination under Title VII based on termination of employment, brought by Roberts and Rodgers, and based on a change in terms and conditions, brought by Gamarra (count I); hostile work environment brought by all three Plaintiffs (count II); retaliation brought by all three Plaintiffs (count III); race discrimination under 42 U.S.C. § 1981 based on termination of employment, brought by Roberts and Rodgers, and based on a change in terms and conditions, brought by Gamarra (count IV), gender discrimination brought by all three Plaintiffs (count V); and an Equal Pay Act claim brought by Roberts and Rodgers (count VI). (Doc. 1).

For reasons to be discussed, the Plaintiffs will be given the opportunity to file a more definite statement of their claims in this case.

## II. STANDARDS OF REVIEW

### A.  Motion to Dismiss and Motion for More Definite Statement

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)).

Pursuant to Fed. R. Civ. P. 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed, but which is so vague or ambiguous that the party cannot reasonably prepare a response.

### B.  Motion to Sever

Under Rule 20, multiple plaintiffs may join together in one action when two prerequisites are met: (1) their right to relief must arise out of the same transaction or occurrence, or the same series of transactions or occurrences, and (2) some question of law or fact must be common to all persons seeking to be joined.  *See* Fed. R. Civ. P. 20(a)(1). Rule 21 provides that to remedy improper joinder, the court may "sever any claim against a party." Fed. R. Civ. P. 21.   Additionally, Rule 42(b) vests in the district court the discretion to order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).

Joinder is "strongly encouraged," and the Supreme Court has urged that Rule 20 be construed to allow "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).  However, district courts have broad discretion to determine whether to sever parties or claims. *See Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002).  In addition to determining whether claims were properly joined under Rule 20, a court considering a motion to sever should consider

the interests of judicial economy, case management, prejudice to the parties, and fundamental fairness. *See Potts v. B&R, LLC*, 2014 WL 1612364, at *3 (M.D. Fla. 2014).

## III.    DISCUSSION

Complaints are said to be "shotgun pleadings" when they violate Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).  The allegations should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  Rule 10 requires that each claim be stated in separate, numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  This enables the opposing party to respond adequately and appropriately to the claims against it, and allows the court to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)(internal citations omitted).

 "Shotgun pleadings" generally do at least one of the following:  contain multiple counts where each count adopts the allegations of all preceding counts, contain facts not obviously connected to any particular cause of action, fail to separate into a different count each cause of action or claim for relief, and assert multiple claims against multiple defendants without specifying which of the defendants the claim is brought against.  *See McCall v. Bank of America, N.A.*, 2016 WL 5402748, at *1 (M.D. Ala. 2016).

In this case, the allegations in the complaint may serve as a viable basis for all of the claims asserted, but that is not currently discernable because each count adopts the

allegations of the preceding counts and the complaint is replete with facts not obviously connected to a particular cause of action. *See id.* This is apparent from the briefing on the partial motions to dismiss, wherein, according to the Plaintiffs, Mando misinterpreted the Plaintiffs' failure to promote theories. In response to Mando's argument that some claims based on denials of promotions are untimely filed, the Plaintiffs have clarified that they only pleaded the facts of discriminatory promotion decisions which would have been untimely if brought as separate claims to show a discriminatory motive for the timely brought failure-to-promote claims. (Doc. 21 at 22).

Another example of the inclusion of facts not clearly tied to a claim is that the complaint relies on allegations of a denial of FMLA leave, but it does not appear that an FMLA retaliation claim is alleged in the case. The complaint also identifies inappropriate workplace comments, but because it is alleged that the Plaintiffs worked at Mando for time periods which overlap, but are not identical, it is not clearly alleged that all of the Plaintiffs were aware of all of the comments.

This Court concludes, therefore, that it is appropriate to dismiss the complaint without prejudice and to require the Plaintiffs to file a more definite statement of their claims which complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. The next issue presented, therefore, is whether a more definite statement should be made in a single case or in three separate cases.

In deciding Mando's motion to sever, pursuant to Rule 20, the Court must determine whether the Plaintiffs' rights to relief arise out of the same transaction or occurrence, or the same series of transactions or occurrences, and whether some question of law or fact is

common to all persons seeking to be joined.  *See* Fed. R. Civ. P. 20(a)(1).  Multiple claims are said to arise from the same transaction or occurrence if there is a "logical relationship" between the claims.  *Alexander v. Fulton Cty*., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003).  With regard to the common question of law or fact, Rule 20 does not require that "common issues ... predominate over individual specific issues."  *Fisher v. Ciba Specialty Chems. Corp*., 245 F.R.D. 539, 542 (S.D. Ala. 2007).

The Plaintiffs take the position that all three of them have been subjected to the same discriminatory treatment based on race and sex, and have been retaliated against for complaining to the same people in the Human Resources Department of Mando.

Upon review of the complaint, it appears to the Court that the standards for joinder are met.  Although a more definite statement is needed to allow Mando to appropriately respond to the complaint, it is at least clear that the Plaintiffs have alleged patterns of racial and gender discrimination.  *See Nat'l Ass'n for the Advancement of Colored People v. Se. Waffles, LLC*, 2005 WL 8158776, at *1 (N.D. Ala. 2005)(denying severance where there was a common factual thread of alleged racial discrimination throughout the complaint); *see also Holloway v. Health Servs., Inc*., 2020 WL 7028472, at *3 (M.D. Ala. 2020)(finding that the fact that the plaintiffs allege that they suffered different forms of retaliation does not preclude a finding that their claims should be joined).  There also is at least a question of law or fact common to all of the Plaintiffs in their claims based on discrimination and a hostile work environment.  *See Alexander*, 207 F.3d at 1324 (holding that claims were properly joined where they shared the question of whether the defendant's

conduct was indeed discriminatory); *Potts,* 2014 WL 1612364, at \*4 (denying severance where plaintiffs claim they were subject to a hostile work environment which is conduct that is common to both plaintiffs).

In addition to determining whether claims were properly joined under Rule 20, the Court must consider the interests of judicial economy, case management, prejudice to the parties, and fundamental fairness. *See Potts v. B&R, LLC*, 2014 WL 1612364 (M.D. Fla. 2014).

The Plaintiffs contend that requiring them to conduct the same discovery in three separate cases unnecessarily burdens Plaintiffs and their counsel.  In reply, Mando argues that the Court could develop an appropriate plan for consolidation of discovery to maximize judicial economy and reduce the costs borne by the parties.  (Doc. 25).

In this case, the factors of judicial economy, case management, and prejudice to the parties weigh against severance.  It makes little sense for the Court to order the Plaintiffs' claims severed, and then to turn around and develop a plan of consolidated discovery in order to promote judicial economy and to reduce expenses for the parties.  If, after discovery is conducted in this case, the relevant factors weigh in favor of severance, Mando can again raise this issue in an appropriate motion at that time. *See Weatherly v. Alabama State Univ.,* 2010 WL 1753190, \*3 (M.D. Ala. 2010), *aff'd*, 728 F.3d 1263 (11th Cir. 2013).

## IV.  CONCLUSION

For the reasons discussed, it is ORDERED as follows:

1.   The Motions to Dismiss and For More Definite Statement (doc. 6, 7, & 8) are GRANTED to the extent that the complaint is dismissed without prejudice.

2. The Motion to Sever (doc. 11) is DENIED without prejudice to being refiled after discovery is conducted in this case.

3. The Plaintiffs shall file a new amended complaint, complete unto itself, in accordance with M.D. Ala. Local Rule 15.1, on or before **March 19, 2021**, that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure and with the requirements of this Order, including the following:

   a. the complaint must not incorporate previous counts by reference, but must contain the facts and theory specific to each count within that count; and

   b. the counts of the complaint must specify which alleged facts support the claims of each Plaintiff asserting each claim.

DONE this 19th day of February, 2021.

           /s/ Emily C. Marks

          EMILY C. MARKS
          CHIEF UNITED STATES DISTRICT JUDGE